## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CIV-0595

DEE OLDHAM,

      Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

      Defendant.

### MEMORANDUM AND ORDER

Before **EBEL**, Circuit Judge.

      Plaintiff Dee Oldham seeks review of the Commissioner's decision denying Oldham social security disability benefits.  The Commissioner determined, at the fifth step of the five-step sequential analysis that applies to disability claims, that Oldham, though suffering from severe medical impairments, still retained adequate residual functional capacity ("RFC") to perform work existing in the national economy.  This court, having jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g), AFFIRMS.

## I.      STANDARD OF REVIEW

      Because the Appeals Council declined to review the decision of the

1

administrative law judge ("ALJ") denying Oldham disability benefits, the ALJ's

determination represents the Commissioner's final decision.  See Blea v.

Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).  As such, this court reviews that

decision de novo, considering whether the ALJ made any legal errors and whether

there is substantial evidence in the record to support the ALJ's findings of fact.

See id.

## II.    DISCUSSION

Oldham asserts that she has been disabled since February 1995 as a result

of reflex sympathetic dystrophy ("RSD")[1] and mental impairments.[2]  The ALJ

---

[1]RSD "is a chronic pain syndrome most often resulting from trauma to a single extremity.  It can also result from diseases, surgery, or injury affecting other parts of the body.  Even a minor injury can trigger" RSD.  Soc. Sec. Ruling 03-2P, 2003 WL 22399117, at *1 (Oct. 20, 2003).  In Oldham's case, her doctors first suggested she suffered from RSD after she injured her right knee while working as a nurse's aide.  That knee injury required two surgeries.

> The most common acute clinical manifestations [of RSD] include complaints of intense pain and findings indicative of autonomic dysfunction at the site of the precipitating trauma.  Later, spontaneously occurring pain may be associated with abnormalities in the affected region involving the skin, subcutaneous tissue, and bone.  It is characteristic of this syndrome that the degree of pain reported is out of proportion to the severity of the injury sustained by the individual.  When left untreated, the signs and symptoms of the disorder may worsen over time.

Id.  A diagnosis of RSD is based upon "complaints of persistent, intense pain that results in impaired mobility of the affected region," coupled with other complaints, including swelling, "[a]utonomic instability–seen as changes in skin color or texture, changes in sweating (decreased or excessive sweating), skin temperature changes, or abnormal pilomotor erection (gooseflesh)," abnormal hair

(continued...)

held that Oldham met the first four steps of the relevant five-step sequential analysis, see 20 C.F.R. 404.1520: Oldham was not engaged in "substantial gainful activity;" she suffered from severe impairments;[3] and, although those severe impairments did not meet the Commissioner's listing of conditions that are disabling, the impairments did prevent Oldham from doing her past relevant work as a nurse's aide, housekeeper or clerical worker.   Therefore, the burden shifted to the Commissioner to prove that Oldham retained sufficient RFC to perform work existing in the national economy.   See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005).   In finding that Oldham could still perform such work, the ALJ determined that Oldham had sufficient RFC to perform a "significant range of light work."[4]   It is the ALJ's RFC finding that Oldham challenges on appeal.

---

[1](...continued)
or nail growth–either too slow or too fast, osteoporosis, or involuntary movements of the affected region.   Id. at *2.

[2]Oldham was insured through March 31, 2000.   In order to obtain disability benefits, therefore, she must established that she was disabled by that date.

[3]The ALJ originally denied Oldham disability benefits after finding, at step two, that Oldham did not suffer from any severe impairments.   Following an administrative appeal, however, the Appeals Council remanded Oldham's case to the ALJ, after concluding the administrative record did establish that Oldham's "impairments are severe."   The Appeals Council also remanded because part of the administrative record was missing.

[4]The Commissioner defines light work as involving

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight
(continued...)

Oldham first asserts that, in determining Oldham's RFC, the ALJ erred in

failing to determine that Oldham suffered from RSD and severe mental

impairments, contrary to the Appeals Council's decision remanding Oldham's

case to the ALJ for further proceedings.  The Appeals Council did conclude, at

step two of the sequential analysis, that the administrative record established that

Oldham suffered from severe impairments.  A "severe impairment" is one that

"significantly limits [a claimant's] physical or mental ability to do basic work

activities."  20 C.F.R. § 404.1520(c).  But the existence of a severe impairment at

step two does not require the ALJ to determine, at steps four and five, that the

claimant lacks the RFC to do any work.  The question the ALJ had to address on

remand from the Appeals Council was the extent to which Oldham's severe

impairments restricted her ability to work.  In addressing that question, the ALJ in

---

[4](...continued)
lifted may be very little, a job is in this category when it requires a
good deal of walking or standing, or when it involves sitting most of the
time with some pushing and pulling of arm or leg controls.  To be
considered capable of performing light work, you must have the ability
to do substantially all of these activities.  If someone can do light
work, . . . he or she can also do sedentary work, unless there are
additional limiting factors such as loss of fine dexterity or inability to
sit for long periods of time.

20 C.F.R. § 404.1567(b).  The ALJ in this case found that Oldham could perform
light work, but only if it involved standing or walking for only four hours out of
an eight-hour work day, permitted her to sit for fifteen minutes every hour,
required Oldham only occasionally to reach overhead with her right upper
extremity, limited "handling," only occasionally required balancing, stooping,
crouching, kneeling, crawling or climbing ramps and stairs, and required no
climbing ladders, ropes or scaffolds.

this case properly treated Oldham's RSD and mental impairments as severe.

The ALJ found, however, that Oldham's severe impairments did not preclude her from still performing limited light work existing in the national economy. Oldham argues that, in making that finding, the ALJ improperly relied on the opinions of Doctors Evans, Friedman and Humm,[5] while improperly rejecting the opinions of other treating physicians, as well as the Commissioner's consultant, Dr. Madsen. Having reviewed the record, this court cannot agree. The administrative record in this case contains contradictory opinions from Oldham's treating, as well as examining, physicians concerning the extent to which her impairments restrict her ability to work. The ALJ addressed those contradictory opinions in detail, explaining that he rejected those RFC opinions that were based upon Oldham's subjective complaints and test results which Oldham could manipulate because the ALJ did not find Oldham credible. See generally Richardson v. Perales, 402 U.S. 389, 399 (1971) (noting ALJ, as trier of fact, has duty to resolve conflicting medical evidence); Casias v. Sec. of Health &

---

[5]Dr. Friedman appears to have been a treating physician, Dr. Evans was apparently an examining psychologist, and Dr. Humm was the Commissioner's non-examining medical expert. Although the ALJ is required to consider every medical opinion in the record, generally the ALJ should afford a treating physician's opinion greater weight than the opinion of a physician who has only examined the claimant once. See 20 C.F.R. § 1527(d); see also Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). And the ALJ gives more weight to the opinion of a physician who has examined the claimant than to the opinion of a doctor who has not. See id. § 1527(d)(1). A treating physician's opinion that is well supported and not inconsistent with other substantial evidence in the record is entitled to controlling weight. See id. § 1527(d)(2).

Human Servs., 933 F.2d 799, 801 (10th Cir. 1991) (same).  Because "[c]redibility

determinations are peculiarly the province of the finder of fact," this court will

not disturb the ALJ's credibility finding if it is " supported by substantial

evidence."  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005) (quotation

omitted).  And there is substantial evidence in this record to support the ALJ's

determination that Oldham was not credible.  Among that evidence are the

numerous inconsistencies between Oldham's medical records and the explanation

she gives of her medical history and her symptoms; the opinion of several of her

treating physicians that she is feigning her physical and mental symptoms;

references in the record suggesting Oldham is more physically active than she lets

on to her treating and examining doctors; and testimony describing videotapes

taken by a worker's compensation insurer indicating that Oldham is in fact

capable of much more physical activity than she presents to her treating and

examining doctors.

## III.   CONCLUSION

For these reasons, the ALJ's RFC determination was proper.  Oldham does not dispute that a person with Oldham's RFC, as found by the ALJ, can still perform sufficient work existing in the national economy.  Therefore, the Commissioner's decision to deny Oldham disability benefits is AFFIRMED.

Dated this <u>  3rd  </u> day of January, 2007.

ENTERED FOR THE COURT

*/s/ David M. Ebel*

_____

David M. Ebel
United States Circuit Judge